UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JON C. SABIN,

                Plaintiff,

-against-

KEITH KNOWLTON, former St. Lawrence County Sheriff; Francine Perretta, Individually and as Probation Director for St. Lawrence County.

                Defendants.

Civil Action No.
7:00-CV-1893
(TJM)(DEP)

STIPULATION OF SETTLEMENT

---

## PRELIMINARY STATEMENT

    Plaintiff filed these actions in the United States District Court of the Northern District of New York on December 6, 2001. Plaintiff's claim stems from his various arrests and his treatment by the hands of the Village of Massena Police Department, the New York State Police, the St. Lawrence County Correctional Facility and St. Lawrence County Probation officials.

    On November 14, 2003, William F. Maginn, Jr., attorney for Defendants, Jon Sabin, Plaintiff, Loran Thompson (Faithkeeper of the Bear Clan), Michael Mitchell (Warden of the St. Lawrence County Correctional Facility) and St. Lawrence County Sheriff, Gary Jarvis met at the St. Lawrence County Public Safety Building to discuss settlement of Plaintiff's claim.

    An offer was proposed by Plaintiff that Kanienkehaka Faith Keepers (Preachers of the Longhouse) of the Wolf, Bear, and Turtle Clans be allowed entrance to the facility for ceremonial services. The offer was accepted by the Defendants taking into consideration the safety of correctional officers and the policies of the St. Lawrence County Correctional Facility. The Plaintiff had further requested an apology from the Defendants. The St. Lawrence County Attorney while agreeing that the Plaintiff's incarceration could be in violation of Section 180.80 of the Criminal Procedure Law, said he could not ask the St. Lawrence County Board of Legislators for authorization to apologize to the Plaintiff because in his opinion, no laws were broken by any of the Defendants.

The Defendant, Keith Knowlton, former St. Lawrence County Sheriff, is now deceased. The Plaintiff has agreed to discontinue his action against Keith Knowlton. For purposes of this stipulation, the parties agree that the current Sheriff, Gary Jarvis, may sign this agreement on behalf of the St. Lawrence County Sheriff's Department.

As discussed, for many generations now, a cultural divide has been widening between the Kanienkehaka (People of the Flint) – the Mohawk people in the United States and Canada who seek to preserve their distinct existence and right of self-determination and non-traditional Native Americans, those individual of Mohawk ancestry who seek to assimilate into and become a part of American society. This conflict has not been an inherent part of Mohawk existence, but is instead a symptom of the efforts taken by the United States throughout its history to colonize Mohawk lands and incorporate Mohawk people into its' polity.

There remain, however, formidable obstacles that have prevented American colonization from bringing about the total extinction of Native people within the United States. Many Native today (Mohawks of Akwesasne) continue to practice their own traditional religion, educate their children in the traditional ways through their own language, and otherwise continue to live a traditional way of life. Not surprisingly, Mohawk (Kanienkehaka) people who seek to preserve a unique spirituality, continue the traditional knowledge base, and maintain a lifestyle founded upon the sharing of common resources are often in great conflict with the growing American minority group known as Native Americans. Defendants have agreed to preserve the unique spirituality and traditional knowledge base of Kanienkehaka inmates, the spirit of the Haudenausaunee, and the Great Law of Peace, at the St. Lawrence County Correctional Facility (hereby known as SLCCF)

## STIPULATION AGREEMENT

1. Defendants agree to issue identification by the SLCCF, or its Sheriff's Department, to those identified as "Ceremonial Keepers" of Kanienkehaka Longhouse, i.e. Clan Mothers, Faithkeepers, or War Chief , and allow access at pre-arranged times for ceremonial purposes.

2. Defendants will permit sweetgrass, rattles, gustowa's, traditional regalia, roots, feathers, dirt, drums, and other items deemed to be ceremonial objects by the keeper of ceremonies, and not classified as "prison contraband" known as tobacco, lighters and matches, etc.

3. Defendants have agreed to allow into its' facility, for ceremonial purposes with an inmate, a CD player or other device for the purpose of traditional singing, powered by either battery or electricity with a Kanienkehaka inmate.

4. Plaintiff has consented and Defendants have agreed upon, searching all devices, faithkeepers, and their persons, for contraband as identified under the New York State Penal Law prior to entrance into the facility to see an inmate solely for ceremonial purposes.

5. Plaintiff has stipulated that ceremonial keepers are subject to New York State Laws while at the facility, and cannot carry written messages, or any other form of communication by any inmate at SLCCF.

6. Plaintiff and Defendants have stipulated that NO BURNING of any kind will be permitted in the facility.

7. Defendants have agreed to and stipulated that Kanienkehaka inmates are permitted to have in their cells a medicine bag containing spiritual items, i.e. roots, dirt, sweetgrass, non-hallucinogenic mushrooms, etc. There will be no items placed in the medicine bag that are considered to be prison contraband according to the policies set forth by SLCCF and the New York State Penal Law. The medicine bag may be searched according to SLCCF policies.

8. Defendants have agreed to and stipulated that Kanienkehaka inmates are permitted to have in their cells, at any time, an Eagle Feather. It may be displayed on a wall in the cell. The inmate may wear the feather in his hair if he/she chooses.

9. Plaintiff has stipulated that a correctional officer, if the officer so chooses, may be permitted in the room during the ceremonies.

10. Defendants have agreed to and stipulated that books, not pornographic in nature, may be donated to the facility for Kanienkehaka inmates, including, but not limited to, historic materials, religious materials, and modern Native publishings.

11. It is the responsibility of the Kanienkehaka inmate to make ceremonial requests to the corrections officers. It is the responsibility of the inmate to contact the ceremonial keeper via telephone or mail to schedule pre-arranged times.

12. Defendants will make available to all those inmates that are Kanienkehaka, Native American, the availability of ceremonial services at SLCCF upon entering the facility.

13. Plaintiff and Defendants have stipulated that ceremonial services are for Kanienkehaka inmates, not other ethnic backgrounds, or other origins.

14. Plaintiff has agreed that the ceremonial services are not to be abused the inmate or the by the ceremonial keepers.

Furthermore, I do not say.

Dated: February 12, 2004

_____
Jon C. Sabin

St. Lawrence County

_____
By: William F. Maginn, Jr., County Attorney

St. Lawrence County Sheriff's Department

By: _____
    Gary Jarvis, Sheriff

St. Lawrence County Probation Department

By: _____
    Francine Perretta, Probation Director